UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FILI ABUNDIZ CARRANZA, *on his own behalf and on behalf of others similarly situated*,

                              Plaintiffs,

-v-

VBFS, INC., et al.,

                              Defendants.

20 Civ. 2635 (PAE) (KHP)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

On May 14, 2022, the parties submitted a proposed settlement agreement, Dkt. 54-1 ("Agreement") and a letter in support, Dkt. 54, in this Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") action. Parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). Rather, the parties must satisfy the Court that their agreement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, No. 15 Civ. 3068 (WHP), 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7, 2015). Further, "[t]he Court must . . . separately assess the reasonableness of plaintiffs' attorney's fees, even when the fee is negotiated as part of a settlement rather than judicially determined." *Lliguichuzcha v. Cinema 60, LLC*, 948 F. Supp. 2d. 362, 366 (S.D.N.Y. 2013).

The Court has carefully reviewed the Agreement. Under the Agreement, defendants are to pay $200,000 in total. The payments are to be made in 48 monthly installments of different sizes. *See* Agreement ¶ 2. Plaintiff is to receive $133,044.02. *Id.* ¶ 1. Plaintiff's counsel is to receive $66,955.98, comprising $66,552.03 in fees and $433.91 in costs. *Id.* The Agreement therefore allocates one-third of the net settlement amount—defendants' total payment less reasonable costs—to plaintiff's counsel as attorneys' fees, which is common and, on these facts, reasonable. *See*

*Trinidad v. Pret a Manger (UDS) Ltd.*, No. 12 Civ. 6094 (PAE), 2014 WL 4670870, at *11 (S.D.N.Y. Sept. 19, 2014) ("[A]warding fees of 33% is common in this district.") (citing *deMunecas v. Bold Food, LLC*, No. 09 Civ. 440 (DAB), 2010 WL 3322580, at *9 (S.D.N.Y. Aug. 23, 2010) (collecting cases)); *Deran v. Antalia Turkish Cuisine LLC*, No. 19 Civ. 6833 (BCM), 2020 WL 3414890, at *2 (S.D.N.Y. June 22, 2020) (approving settlement agreement awarding attorneys one-third of total settlement amount after subtracting costs).

The Agreement does not contain a confidentiality provision that would undermine the broad remedial purposes of the FLSA. *See Lopez v. Nights of Cabiria*, LLC, 96 F. Supp. 3d 170, 177–81 (S.D.N.Y. 2015). Nor does the Agreement contain a non-disparagement provision, which might otherwise frustrate the Court's ability to approve it as reasonable. *See Lazaro-Garcia v. Sengupta Food Servs.*, No. 15 Civ. 4259 (RA), 2015 WL 9162701, at *3 (S.D.N.Y. Dec. 15, 2015) (noting that "not all non-disparagement clauses are per se objectionable," but that "if the provision would bar plaintiffs from making any negative statement about the defendants, it must include a carve-out for truthful statements about plaintiffs' experience litigating their case") (internal quotation marks and citation omitted).

However, the Agreement's present release provision is a closer call—and the Court rejects it as overbroad. The Agreement provides that Carranza, and his "children, spouse, agents, heirs, executors, administrators, beneficiaries, trustees and legal representatives, hereby waive[], discharge[], and forever release[]" defendants and their "heirs, executors, administrators, attorneys, successors . . . current and former parents, subsidiaries, divisions, branches, assigns, affiliated and related companies or entities, corporations under common ownership or control, predecessors, successors, management companies, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees" from "any and all claims, known or unknown, suspected or

2

unsuspected, asserted or unasserted, arising under the [FLSA] and the [NYLL] for alleged unpaid wages, liquidated damages, statutory damages and/or penalties, interest, costs and attorney's fees, and including but not limited to all claims asserted by the Plaintiff in the Action, based upon any conduct occurring from the beginning of the world to the date of the Plaintiffs execution of this Agreement." Agreement ¶ 9.

"Judicial distaste for overbroad releases has been especially pronounced where 'the releases were not mutual and protected only the defendants.'" *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 344 (S.D.N.Y. 2016) (quoting *Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, No. 13 Civ. 5008 (RJS), 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016)). The release here is not as overbroad as some, in that it is limited to claims under the FLSA and NYLL. However, the release extends way beyond the overtime and minimum wage claims that are at issue in this litigation—reaching claims "including but not limited to all claims" asserted here, "based upon any conduct." Because the general release here pertains to all claims "arising under the [FLSA] and the [NYLL]," including claims well outside the scope of this action, and because it shields defendants and their successor entities from any future action, the Court finds it unreasonable. *See Garcia v. Jambox, Inc.*, No. 14 Civ. 3504 (MHD), 2015 WL 2359502, at *4 (S.D.N.Y. Apr. 27, 2015) (declining to approve FLSA "Agreement until the release is sufficiently narrowed to cover only released conduct that arises out of the identical factual predicate as the settled conduct." (cleaned up)); *Flood v. Carlson Rests. Inc.*, No. 14 Civ. 2740 (AT) (GWG), 2015 WL 4111668, at *2 (S.D.N.Y. July 6, 2015) ("[U]ntil the releases ... are limited to claims relating to the existing suit, the Court will not approve the agreements."). Accordingly, and "[c]onsistent with the case authority in this area, '[t]he Court will not approve a release provision that extends beyond the claims at issue in this action.'" *Rivera v. SA Midtown LLC*, No. 16 Civ. 2097 (PAE), 2017 WL 1378264, at *1 (S.D.N.Y. Apr. 11, 2017) (quoting *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016))

3

(alteration in original). This deficiency is readily correctable. *See, e.g., Cortes v. New Creators, Inc.*, No. 15 Civ. 5680 (PAE), 2016 WL 3455383, at *4 (S.D.N.Y. June 20, 2016) (approving revised agreement after parties "narrowed the scope of the Agreement's release provision to limit the release of claims against defendants . . . to the claims asserted in this action").

Accordingly, the Court declines to approve the Agreement. This ruling is without prejudice to the right of the parties to submit a revised settlement agreement correcting the deficiencies. The parties are directed to do so by July 1, 2022.

SO ORDERED.

                                                             *Paul A. Engelmayer*
                                                           PAUL A. ENGELMAYER
                                                           United States District Judge

Dated: June 15, 2022
       New York, New York