UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FILI ABUNDIZ CARRANZA, on his own behalf and on behalf of others similarly situated,

                                               Plaintiffs,

-v-

VBFS, INC., et al.,

                                               Defendants.

20 Civ. 2635 (PAE) (KHP)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

On May 14, 2022, the parties submitted a proposed settlement agreement and a letter in support, Dkt. 54, in this Fair Labor Standards Act, New York Labor Law, and Wage Theft Protection Act action. On June 15, 2022, the Court declined to approve the proposed agreement given its overbroad release provision, which reached claims "including but not limited to all claims" asserted here, "based upon any conduct." Dkt. 55 (quoting Dkt. 54-1 ("Agreement")). On July 12, 2022, the parties submitted a stipulation amending the settlement agreement ("Amendment" and, together with the Agreement, the "Revised Agreement") to significantly narrow the release's reach. Dkt. 60.

Parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). Rather, the parties must satisfy the Court that their agreement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, No. 15 Civ. 3068 (WHP), 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7, 2015). Further, "[t]he Court must . . . separately assess the reasonableness of plaintiffs' attorneys' fees, even when the fee is negotiated as part of a settlement rather than

judicially determined." *Lliguichuzcha v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013).

The Court has carefully reviewed the Revised Agreement. Under the Revised Agreement, defendants are to pay $200,000 in total. The payments are to be made in 48 monthly installments of different sizes. *See* Revised Agreement ¶ 2. Plaintiff is to receive $133,044.02. *Id.* ¶ 1. Plaintiff's counsel is to receive $66,955.98, comprising $66,552.03 in fees and $433.91 in costs. *Id.* The Agreement therefore allocates one-third of the net settlement amount—defendants' total payment less reasonable costs—to plaintiff's counsel as attorneys' fees, which is common and, on these facts, reasonable. *See Trinidad v. Pret a Manger (UDS) Ltd.*, No. 12 Civ. 6094 (PAE), 2014 WL 4670870, at *11 (S.D.N.Y. Sept. 19, 2014) ("[A]warding fees of 33% is common in this district.") (citing *deMunecas v. Bold Food, LLC*, No. 09 Civ. 440 (DAB), 2010 WL 3322580, at *9 (S.D.N.Y. Aug. 23, 2010) (collecting cases)); *Deran v. Antalia Turkish Cuisine LLC*, No. 19 Civ. 6833 (BCM), 2020 WL 3414890, at *2 (S.D.N.Y. June 22, 2020) (approving settlement agreement awarding attorneys one-third of total settlement amount after subtracting costs).

The Agreement does not contain a confidentiality provision that would undermine the broad remedial purposes of the FLSA. *See Lopez v. Nights of Cabiria*, LLC, 96 F. Supp. 3d 170, 177–81 (S.D.N.Y. 2015). Nor does the Revised Agreement contain a non-disparagement provision, which might otherwise frustrate the Court's ability to approve it as reasonable. *See Lazaro-Garcia v. Sengupta Food Servs.*, No. 15 Civ. 4259 (RA), 2015 WL 9162701, at *3 (S.D.N.Y. Dec. 15, 2015) (noting that "not all non-disparagement clauses are per se objectionable," but that "if the provision would bar plaintiffs from making any negative statement about the defendants, it must include a carve-out for truthful statements about plaintiffs' experience litigating their case") (internal quotation marks and citation omitted).

Finallly, the release provision in the Revised Agreement—unlike in the original Agreement—is not overbroad, as it is limited to "only those claims asserted by Plaintiff in the Action, including Plaintiff's claims pursuant to the FLSA and NYLL." Revised Agreement ¶ 9; see *Lazaro-Garcia*, 2015 WL 9162701, at *2 ("[A]ny release provision must be limited to the claims at issue in this action."). In sum, upon careful review of the Agreement, the Court is satisfied that the Agreement was achieved through procedurally fair means and is fair and reasonable such that it satisfies the standard set forth in *Cheeks v. Freeport Pancake House*.

Accordingly, the Court approves the Agreement. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: September 9, 2022
        New York, New York

3